MARION QUESENBERY, State Bar No. 72308
RYNN & JANOWSKY, LLP
P.O. Box 20799
Oakland, CA 94620
Telephone: (510) 705-8894
Facsimile: (510) 705-8737
E-mail: marion@rjlaw.com

Attorneys for Plaintiffs
Berti Produce – San Francisco, Inc.; Edwin Chin
dba New City Fruit & Produce; Jacobs, Malcolm & Burtt;
North Bay Produce, Inc.; Washington Vegetable Company;
What A Tomato Produce Company, Inc.; and Coosemans
San Francisco, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERTI PRODUCE – SAN FRANCISCO, INC.; EDWIN CHIN dba NEW CITY FRUIT & PRODUCE; JACOBS, MALCOLM & BURTT; NORTH BAY PRODUCE, INC.; WASHINGTON VEGETABLE COMPANY; WHAT A TOMATO PRODUCE COMPANY, INC.; and COOSEMANS SAN FRANCISCO, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT SBRAGIA; JOHN SBRAGIA; STEVEN SBRAGIA; and PATRICIA CINI aka PATTI CINI,<br><br>Defendants. | CASE NO.  C11-03546 MEJ<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT & REQUEST TO CONTINUE CMC**<br><br>CMC Date: October 27, 2011<br>CMC Time: 10:00 a.m.<br>CMC Place: Ctrm. B, 15th Floor<br>           San Francisco |

Plaintiffs BERTI PRODUCE – SAN FRANCISCO, INC., EDWIN CHIN dba NEW CITY FRUIT & PRODUCE, JACOBS, MALCOLM & BURTT, NORTH BAY PRODUCE, INC., WASHINGTON VEGETABLE COMPANY, WHAT A TOMATO PRODUCE

COMPANY, INC., and COOSEMANS SAN FRANCISCO, INC. (jointly "Plaintiffs") respectfully file this Case Management Conference Statement.

**A.**

**STATUS & REQUEST FOR CONTINUANCE**

**1.   Current Status – Defendants Not Yet Served:**

On July 19, 2011, Plaintiffs filed their complaint in this matter. On September 13, 2011, Plaintiffs filed an amended complaint, which added a new Plaintiff, Coosemans San Francisco, Inc.

Plaintiffs counsel has had difficulty locating addresses for service of the Complaint on the four Defendants; however, we believe that we now have good addresses for service on all of the Defendants, and the First Amended Complaint and associated documents have been sent out for service. We expect that all Defendants will be served by next week, if they have not already been served.

**2.   Request for Continuance:**

Because Defendants have not yet been served, but Plaintiffs are in the process of serving them, Plaintiffs respectfully request that the Case Management Conference be continued for 60 days to allow Plaintiffs to serve Defendants and so that Defendants can participate in the CMC.

**B.**

**GENERAL CMC INFORMATION**

**1.   Jurisdiction and Service.** This Court has jurisdiction pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c)(5), and 28 U.S.C. § 1331. As noted above, Defendants have not yet been served, because Plaintiffs have not had good addresses for service. After an investigation, however, Plaintiffs now have what they believe are good service addresses, and the First Amended Complaint is out for service on all Defendants.

**2.   Facts:**

Plaintiffs, all of whom are licensed by the United States Department of Agriculture as dealers of perishable agricultural commodities, sold and shipped fresh produce to Bob Sbragia dba Bob's Produce Inc. ("Bob's Produce"), which accepted the produce, but failed to pay the total sum due of $269,030.85, plus interest and attorneys' fees, to Plaintiffs for the perishable agricultural commodities.

Bob's Produce filed for Chapter 11 bankruptcy protection with the U.S. Bankruptcy Court, for the Northern District of California, on June 2, 2011, Case No. 11-32150-TEC, which was converted to a Chapter 7 proceeding on July 12, 2011.  On August 25, 2011, the Court closed the case, after the Trustee reported that there was no property available for distribution.  Because of the automatic stay, this action has not been initiated and litigated against Bob's Produce.

Plaintiffs are informed and believe that at all relevant times Defendants were officers, shareholders, and/or directors of Bob's Produce.  Bob's Produce's bankruptcy schedules identify each Defendant as a 25% shareholder in Bob's Produce, and the Petition is signed by Defendant Patricia Cini, as Treasurer of Bob's Produce.  Plaintiffs are further informed and believe that at all relevant times Defendants – as officers, shareholders, and/or directors of Bob's Produce – controlled the day-to-day operations, financial affairs, and PACA trust assets of Bob's Produce.

Plaintiffs included the required statutory on their invoices to properly perfect their PACA trust claims or otherwise perfected their PACA trust claims as required by 7 U.S.C. § 499e(c)(3)&(4).

**3.   Legal Issues:**

A.   Did Bob's Produce violate PACA and breach its contracts with Plaintiffs by failing to pay them promptly and in full for the perishable agricultural commodities that

1 Plaintiffs sold and shipped to it, and if so, what is the sum owed to Plaintiffs by Bob's Produce.

2       B.      Did Plaintiffs properly perfect their PACA trust rights.  7 U.S.C. § 499e(c)(3)&(4)

3 [USDA licensees may perfect their PACA trust rights by printing specific language on their

4 invoices or by sending a PACA Trust Notice to Bob's Produce].

5       C.      Are Defendants personally liable for the debt owed to Plaintiffs by Bob's Produce

6 for the fresh fruit and vegetables that Plaintiffs sold and shipped to it?  See, e.g., Sunkist

7 Growers, Inc. v. Fisher, 104 F.3d 280, 282-284 (9th Cir. 1997)("individual shareholders, officers,

8 or directors of a corporation who are in a position to control PACA trust assets, and who breach

9 their fiduciary duty to preserve those assets, may be held personally liable under the Act.");

10 Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc., 217 F.3d 348 (5th Cir. 2000)(citing

11 *Sunkist* and finding passive owner personally liable); Coosemans Specialties, Inc. v. Gargiulo,

12 485 F.3d 701, 705-07 (2nd Cir. 2007)("PACA trustees 'are required to maintain trust assets in a

13 manner that such assets are *freely available* to satisfy outstanding obligations to sellers of

14 perishable agricultural commodities.' 7 C.F.R. § 46.46(d)(1)"; owner individually liable for

15 breach of fiduciary duty, as there is no factual dispute that factoring agreement jeopardized the

16 trust funds and made them unavailable for timely payment to plaintiffs.).

17       D.      Are Plaintiffs entitled to pre-judgment interest, attorneys' fees, and costs.

18 **4.**    **Related Cases:**

19 Plaintiffs are not aware of any related cases or proceedings.

20 **5.**    **Relief Sought:**

21 Plaintiffs seek judgment against Defendants, jointly and severally, in the amount of

22 $269,030.85 (sums due on invoices for fresh produce), plus interest, attorneys' fees, and costs.

23 **6.**    **Consent to Magistrate Judge:**

24 Plaintiffs filed their consent to the assignment of this case to a U.S. Magistrate Judge.

1  **7.     Disclosure of Non-Party Interested Entities or Persons.**

2       Plaintiffs have filed the disclosure required by Civil L.R. 3-16, and they certified and do

3  certify that as of this date, other than the named parties, there is no such interest to report.

4  Date:  October 20, 2011           By:     /s/  Marion I. Quesenbery
                                              Marion I. Quesenbery
5                                             Attorneys for Plaintiffs
                                              Berti Produce – San Francisco, Inc.; Edwin Chin
6                                             dba New City Fruit & Produce; Jacobs, Malcolm &
                                              Burtt; North Bay Produce, Inc.; Washington
7                                             Vegetable Company; What A Tomato Produce
                                              Company, Inc.; and Coosemans San Francisco, Inc.

11      **IT IS SO ORDERED. The Case Management Conference is continued to**

12  __January 12, 2012__**, at 10:00 a.m., in Courtroom B, 15th Floor, San Francisco.**

13  All deadlines are adjusted accordingly.

14  Date:  October __21__, 2011

15                                    _____
                                      U.S. MAGISTRATE JUDGE

CMC STATEMENT & REQUEST TO CONTINUE – Case No. C11-03546 – Page 5